# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEEONCE J. RUCKMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 05-313-JPG |
| | ) |
| **ANDREW WILSON, JASON VASQUEZ,** | ) |
| **DEBI MIDDENDORF, WILLIAM** | ) |
| **SPILLER and EUGENE McADORY, JR.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently an inmate in the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and

---

[1] The Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, finding that he was not indigent; Plaintiff subsequently paid the $250 filing fee for this action.

any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2); this action is frivolous and thus subject to summary dismissal.

In July 2004, while in the Menard Correctional Center, Plaintiff received a disciplinary report for failing to disclose all his assets to the I.D.O.C. Apparently Plaintiff had received a life insurance settlement of $7,000, as well as a trust fund valued at almost $35,000 from his mother's estate. Despite his contention that officials at Stateville, his previous place of confinement, had been aware of these assets, Plaintiff was found guilty. The recommended punishment included six months in segregation, a six-month demotion to C-grade, a three-month restriction on commissary privilege, and the revocation of three months of good conduct credit. No revocation of good conduct credit actually took place, and Plaintiff appealed this proceeding through the grievance procedure. Eventually, in March 2005, the Administrative Review Board determined that Plaintiff had not been provided with the appropriate financial forms and thus could "not be held accountable for failure to disclose assets." Accordingly, the disciplinary ticket was expunged. The basis for this action is that he lost several months of privileges and was assigned to segregation during the pendency of his grievance and appeals, in violation of his rights under the Fourteenth Amendment.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for six months, and he was subjected to a demotion to C-grade status and loss of commissary privileges for three months, in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Nor does he have a protected liberty interest in his grade status and commissary privileges. *See, e.g., Thomas,* 130 F.3d at 762 n.8 (and cases cited therein). Accordingly, he has not presented a viable constitutional claim.

In summary, Plaintiff's complaint does not survive review under § 1915(e)(2), and this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: February 14, 2006.**

    s/ J. Phil Gilbert
    **U. S. District Judge**